IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HILDENE OPPORTUNITIES MASTER FUND LTD., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action |
| vs | ) ) | Case No. 4:14-cv-01110-ODS |
| ARVEST BANK, FAYETTEVILLE, ARKANSAS; BANNISTER BANCSHARES, INC.; and JEFFREY JERNIGAN, | ) ) ) ) | Hon. Ortrie D. Smith |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT BANNISTER BANCSHARES, INC.'S OPPOSITION TO ITS MOTION FOR PARTIAL SUMMARY JUDGMENT, AND SUGGESTIONS IN SUPPORT

Plaintiff Hildene Opportunities Master Fund Ltd. ("Hildene") hereby moves this Court to strike Defendant Bannister Bancshares, Inc.'s Opposition to Hodve's [sic] Opportunity Master Fund Limited's Motion for Partial Summary Judgment As To Count III of the Second Amended Complaint (Dkt. 156). In support of this motion, Hildene states as follows:

1. On August 4, 2016, Plaintiff filed a motion for partial summary judgment. Dkt. 108. The Court required oppositions to be filed to that motion by September 8, 2016. Dkt. 115.

2. Defendant Arvest filed its response and cross-motion on September 8, 2016. Dkt. 120. But Defendant Bannister did not. Instead, it filed a request to defer or deny the motion "until the parties have completed discovery and fully briefed the champerty issue." Dkt. 119, at 4. At the time, Plaintiff noted this as nothing more than a "delay strategy," as Bannister already had the documents that answer its purported "questions" and could have previously served interrogatories if it needed further information on the champerty issue. Dkt. 125, at 5.

1

3. On October 5, 2016, Defendants took the 30(b)(6) deposition of Plaintiff, the only fact deposition of a current Hildene employee that was noticed in this case. Counsel for Bannister asked no questions about the assignment that Bannister now argues is champertous.

4. This Court has not yet ruled upon Bannister's request to defer or deny Plaintiff's motion for partial summary judgment, purportedly filed as noted above so Bannister could "fully brief the champerty issue."

5. On November 18, 2016 – the dispositive motion deadline – Bannister filed its own motion for summary judgment, arguing that it did not breach the indenture as well as three affirmative defenses: prior material breach, champerty and estoppel/waiver. *See* Dkt. 154.

6. Just after midnight the next morning, November 19, 2016, Bannister filed its purported "Opposition" to Hildene's August 18, 2016 Motion for Partial Summary Judgment, Dkt. 156, that is the subject of this Motion to Strike. This Opposition does not contain the required tables under Local Rule 7.0(f). It begins with a response to Hildene's Statement of Uncontroverted Material Facts, and then a largely verbatim copying of the arguments based upon the three affirmative defenses in Dkt. 154.

7. But the Opposition does *not* contain a single piece of evidence that was not or could not have been developed prior to September 8, 2016. Most of the cited record evidence in the Opposition is letters and e-mails created prior to this litigation; indeed, the only cited exhibits that did not exist as of *2012* are an affidavit by Bannister's President that could have been submitted at any time, and Hildene's interrogatory answers from June. Also, in the champerty section that allegedly provided the basis for the request to defer or deny briefing on Hildene's Motion for Partial Summary Judgment, Bannister *does not cite a single piece of record evidence*, relying essentially on the same legal arguments that it put in its September 7, 2016 filing.

2

8. With that in mind, it is clear that Bannister's Opposition is nothing more than a document that could have been filed ten weeks ago, but that Bannister withheld because it wanted to file it contemporaneously with its Motion for Summary Judgment (that had a deadline in November). Perhaps by design, Bannister now has the benefit of new filings by Hildene with which to work, including an opposition to the request to defer or deny (Dkt. 125) as well as a substantive reply brief on Hildene's Motion for Partial Summary Judgment (Dkt. 136).

9. This Court should not allow Bannister's "delay strategy" and the clear flouting of its schedule to stand. Bannister has not asked for an extension of time to file its opposition, choosing instead to rely upon the "defer or deny" motion it filed in September. Nor does Bannister claim "excusable neglect" as would be required for the Court to allow it to complete an act once a deadline has passed. Fed. R. Civ. P. 6(b)(1)(B); *Payne v. N. Callaway Senior Citizens Ctr.*, No. 11-4044-CV-C-NKL, 2011 WL 6337719, at *4 (W.D. Mo. Dec. 19, 2011) (rejecting attempt to file summary judgment reply brief out of time); *Scola v. Countrywide Home Loans, Inc.*, No. 05-1170-CV-W-FJG, 2007 WL 474969, at *3 (W.D. Mo. Feb. 9, 2007).

10. Hildene understands that this Court can consider Bannister's arguments regarding its affirmative defenses, as detailed above, in the context of Bannister's timely-filed affirmative motion for summary judgment, and that motions to strike are disfavored. Nonetheless, in these circumstances, Bannister's "Opposition" should still be stricken. First, Bannister's untimely response to Hildene's statement of uncontroverted facts should not be considered as a matter of law, and all such facts in Hildene's Motion for Partial Summary Judgment should be deemed admitted against Bannister. *See, e.g., Kennedy v. Wilkes Printing & Direct Mail, Inc.*, No. 4:07CV1333-DJS, 2008 WL 4948457, at *2 (E.D. Mo. Nov. 10, 2008) (striking untimely response to statement of facts and "consider[ing] all material facts properly asserted…to be

3

undisputed for purposes of the summary judgment analysis" where "plaintiffs' lateness in submitting any response to defendant's statement of undisputed facts, and failure to submit their own statement of material facts per the local rule, have not been adequately explained or excused by plaintiffs' arguments"); *Wilshin v. Allstate Ins. Co.*, 212 F. Supp. 2d 1360, 1364–65 (M.D. Ga. 2002) (striking summary judgment pleading as untimely despite considering arguments that would have been filed timely had they been argued in an opposition); *see also Techguard Sec., L.L.C. v. Joyce*, No. 4:08CV01489 AGF, 2010 WL 4178291, at *1 (E.D. Mo. Oct. 20, 2010) (striking summary judgment pleading where pleading is untimely).

11.  Second, courts routinely strike summary judgment pleadings in analogous circumstances when filed even just days after a deadline, especially where, as here, Hildene has been prejudiced because Bannister has had an opportunity to review new substantive pleadings filed in the interim. *E.g., Nat'l Trust Ins. Co. v. Graham Bros. Const. Co.*, 916 F. Supp. 2d 1244, 1250–51 (M.D. Fla. 2013) (striking pleading filed one day after the deadline to do so and noting that allowing the late-filed pleading would provide "an undue advantage of being able to consider [its opponent's] timely-filed motion while drafting its own"); *Key v. Robertson*, 626 F. Supp. 2d 566, 576–78 (E.D. Va. 2009) (striking pleading filed "in the early morning hours" the day after the requested extension); *see also Kennedy*, 2008 WL 4948457 at *1-*2 (striking response to statement of undisputed facts filed 14 days after remainder of brief was filed).[1]

---

[1] An analogy may be drawn here to Rule 12(f), which permits the court to strike pleadings because they contain "redundant, immaterial, impertinent, or scandalous matter," specifically where the material has "no real bearing on the case [and] will likely prejudice the movant." *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 873-74 (W.D. Mo. 2012); *Kay v. Sunbeam Prod., Inc.*, No. 2:09CV-4065-NKL, 2009 WL 1664624, at *1 (W.D. Mo. June 15, 2009) (citation omitted). Such action is appropriate here as to Bannister's Opposition.

WHEREFORE, for the reasons stated above, Hildene respectfully requests an order (a) striking Dkt. 156 as untimely filed and redundant; (b) denying, as moot or otherwise, Bannister's Motion to Deny or Defer (Dkt. 119); and (c) for such other and further relief as appropriate.

Dated: November 22, 2016

Respectfully submitted,

By: /s/ Daniel B. Hodes

Daniel B. Hodes (MO #60616)
GERMAN MAY PC
1201 Walnut, Suite 2000
Kansas City, MO 64106
Telephone: 816-471-7700
Fax: 816-471-2221
E-mail: danh@germanmay.com

Ethan A. Brecher (*pro hac vice*)
LAW OFFICE OF ETHAN A. BRECHER, LLC
600 Third Avenue, 2nd Floor
New York, NY 10016
Phone: (646) 571-2440
Fax: (888) 821-0246
Email: ethan@ethanbrecherlaw.com

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification.

/s Daniel B. Hodes

Attorney for Plaintiff